The final case on the calendar today is Demosthene v. City of New York and we have Mr. Uzo for the appellant. My name is Ugo Uzo and I represent the plaintiff appellant Khrushchev Demosthene. This is a civil rights claim, primarily a civil claims under section 1983 and also under the law. Prior to the conclusion of discovery, the district court granted the defendants motion for summary judgment dismissing the complaint based primarily that the defendants had probable cause or at the very least a global probable cause to arrest and prosecute Mr. Demosthene in connection with a robbery incident which occurred on February 22, 2012. Mr. Uzo, let me just ask you, you made a reference to the when discovery was not complete but and I know I've reviewed the record I know there was a lot of letters and extensions and issues scheduling the deposition so I understand all that but correct me if I'm wrong I believe that a discovery deadline was set for July 21 of 2017 by the magistrate judge a new discovery deadline and that even though there were issues scheduling depositions because of availability that that date passed without you making a further request for an extension of time. Can you correct me if I'm wrong on that? I know when you went before district court later you tried to explain why discovery was not done but I didn't see a request that that deadline be extended. Can you point to that in the record? I don't have the exact I can't really point to it right now out of the record but there was a letter to the magistrate judge from us asking for extension of that deadline. The defendants initially did agree to submit that letter motion but they ended up not doing it but prior to the expiration of that deadline I did submit a letter requesting for extension of that. And you're saying that weather was not acted upon? Yes that's that's correct and even before prior to that time there was actually a motion to compel. Yeah I know there was a motion to compel but I think I mean you have an obligation even if there's a motion to compel if the deadline is passing to something to the judge about extending it but if you could find that site for me because I couldn't find that not now not now maybe you know you have a rebuttal time so if you could just give me that site during your rebuttal but go ahead continue. I will do that thank you but the the district court's decision primarily I mean the district court gave four reasons primarily support of its final probable cause determination. Initially the district court determined that Mr. DeMustaine was identified by one of the victims of the robbery incident from a photo array proceeding which was conducted on February 29, 2012 by the one of the officers involved in the um but and and also that the victim Koba Kobares did eventually after the plaintiff's arrest in April of 2012 did reaffirm that identification to the arresting officer in this case John Roberts but both both contentions both uh both factual allegations were actually included for the first in an affidavit that was fired by the arresting officer in this case John Roberts in support of the summary judgment motion. There is absolutely nothing in the contemporaneous records relating to this and that if I may if I may go back that affidavit was actually submitted more than five years after the arrest in this case. Wait a second though there is a document contemporaneous document where he documented that um you know the victim picked number five the you know who was I guess was your client so that was contemporaneous with what they alleged was the identification I know there's no array you know there was no documentation of the array itself but there was contemporaneous documentation that he said number five did it right? Well yes your honor there is there is a document to that um to that line but also in that document actually was a interview. Right February 29th but it wasn't that wasn't like created later that was created contemporaneously with the interview the re-interview. Did that yes and that documentation was right after the uh officer Haber stated that uh he that the uh the victim cover cover is indicated to him that he had viewed a photo array from a week prior that would be February 22nd and that photo array of February 22nd uh Mr. DeMustang was included his photo was included on number five of that prior for the only photo array proceeding that we've had him done change the photo array but only keep the picture of your client which would have then been suggestive wouldn't it? Oh that is that is two different photo arrays but the only common photo when it was a picture of your client that that those photo arrays would have been incredibly suggestive the same number five position from the pi from the just use the exact same photo array the same exact photo array excuse me that's the proper way to do it isn't it otherwise it would be suggestive I'm sorry I didn't if he had altered the photo array in some way to draw attention to your client it would have been suggestive the argument would have been it's suggestive but what he did was he used the exact same photo array he had the same other other people the question is whether the the the the quote victim end of quote uh pick could pick him out and he picked him out the second time and explained why is the is the officer supposed to disbelieve him? You know I our contention really here is that there was never a second photo array that's really our primary argument in this case because with all that that we um all that the uh the the second note about the re-interview all it really says is that he explained this proceeding so that there was there's going to be a proceeding to this uh to the victim and after he explained the proceeding to the victim the victim shouted the uh the individual on photo number five is and that photo number five was exactly the same photo number five of the only photo array proceeding that we know so our argument really is that there was no second photo array proceeding but even if there were the our contention would also be that assuming that what but we don't know we don't believe that there was any second the issue is improvability ultimately in a trial it's about probable cause isn't it? That is correct your honor there is there our contention there was no second photo array and it was wrong for the district courts to rely on an affidavit basis what's your basis for making an assertion that there's no second photo array because police tell me where to go on the record to find where you say that you create an issue of fact about a second photo array tell me where to go look now yeah you know what we said on the in the record is that new york police officers are required to document their photo array whatever photo array they did and even the district attorney that we depose the only district attorney that we're able to depose she herself testified that new york police officers are required to document their photo array after conducting the photo arrays here they're claiming eventually after the whole incident they're claiming now that there was a second photo array but there's no documentation of that photo array i don't know the exact part in our brief where we started that but we made all that argument in our brief okay let me just say ask you one more question uh before i turn to your opposing counsel on the excessive force claim with respect to the alleged punching in this police car your client wasn't able to identify who did that uh officer roberts he was the driver but um apart from obviously if he's the driver he couldn't be the one who punched your client your client says it was the passenger so and i understand you don't necessarily have to ask and you don't have to accept roberts testimony on that but how could the jury conclude in the absence of of any other testimony by your client about who was which officer was which they they would just be guessing it'd be like a 50 50 chance that it was roberts right how could they do that well you know and i believe i don't believe that we actually um made that contention in our brief what we actually the our contention in the brief is even if he was the driver and uh he did not do the punching himself that he had time to be able to intervene to prevent the second officer from when she from doing the punching himself we how much time does your client say this took place so they say was punched over a long period of time because obviously if you're driving a car and it's a punch by an officer you don't have any time to intervene did he claim that this occurred over a long period of time i didn't see that in the deposition you know the uh his testimony was that he was punched twice and how do you intervene on two punches if you're driving the car well well there he wasn't really questioned on this but it's not clear from the record whether the point the punches were back to back or whether there was a timeline between the between the two punches but more importantly he also indicated he testified that prior to the punching that they were going back and forth there was some kind of going back and forth between him and the officers in the vehicle that he was taunted by these officers and that both of them were making mockery of him basically and prior to that too before they put him in action in the car when he was in the handcuff they were pulling and by the handcuffs to inflict pain on him so there were definitely before the punching happened there had already been ongoing incidents between um and antagonistic incidents between those parties that the one of them could have intervened at some point and stopped and be able to stop the punching and whatever uh assault that happened in that all right all right thank you thank you very much um we'll now hear from miss saddridge uh good morning your honor's talk has had you appearing on behalf of the abilities um i think that the important thing to remember here is that the only named police police defendant is detective detective john roberts and he arrested the plaintiff based on the information that was provided to him by fellow detectives and plaintiff has not pointed to any reason why uh detective roberts should have doubted the information that was provided to him and the information as provided provided probable cause for for an arrest um as uh as and as the court noted um with respect to the excessive force claim there were officers that were in the in the vehicle and plaintiff was not able to identify which officer it was who punched him even by um even by a description and so there is um no reasonable fact finder could could find that he had in fact engaged in excessive force except through speculation this argument that the pulling by the handcuffs constituted some sort of excessive force is not an argument that is not a contention that was made in the operative complaint the only incidents of excessive force that are are set forth in the in the complaint are this punching incident and a second incident um of choking where it seems that it's conceded that roberts was not present for um let me ask you about the false arrest claim i want to try to no rational jury could find in plaintiff's favor on this their theory of the case is that on april 9th of 2012 um mr rizzo's client was being released from rikers island the police knew that they didn't want him to be released and that officer roberts was then assigned to try to go to the victim and get a positive id i think it was in new jersey and um so that they could arrest uh his client and he claims and tell me if i'm miss i look back at the documentation and there seems to be a notation that would support this that on that date roberts told the prosecutors that the victim id'd his client that there's a notation i look back at the file and there seems to be a notation by the ada that roberts reported this um when in fact i think everyone sees that never happened um and then he said so his theory is that roberts was essentially reporting a false identification on that day to support an arrest so that the guy didn't get out of jail and that this earlier identification didn't happen there's no there is no array um you know there's no circling with an initial or anything like that so uh but can you just at first point to isn't doesn't it seem that uh there's an indication that roberts falsely told the prosecutors on that date that the id was made to him uh when he went to see the victim there there is an indication in the in the intake report uh that that that an identification was i don't um i don't think that there's why couldn't a jury infer potentially again i understand there's a lot of inferential steps that um if in fact roberts falsely reported that the identification was made you said he had no reason to question the earlier identification but their suggestion is that um he was in a spot that he he didn't get the id on the day that when he went out to do it and that he then um you know attributed to an earlier time when it didn't happen i i mean i think that there's a there's i think that i think that involves a lot of speculation to say that that that is what happened i think the the sworn testimony the sworn statements that are in the record are robert's statement that robert's affidavit stating that um he was informed by um the detective squad including detective haber that that um the complainant had identified uh plaintiff on the february 29th date and um that you know he was he arrested that he arrested that he arrested uh plaintiff based on that identification together with the other other information that was connecting him to the uh telephone the that was used in in conducting the in support of the criminal complaint stating that um that that uh the complaining witness had identified had identified uh the plaintiff on the february 29th date a photograph of him on the february 29th date and there's a contemporaneous dd5 saying that you know he was identified on that date i i don't think that is a normal police practice in that situation as i suggested to have the victim circle the photo and initial it there'd be documentation um beyond just he picked out number five right isn't that the property i mean you do all these cases isn't that the proper procedure um assuming assuming that that is the proper procedure um and that it was that there was not proper it wasn't documented as well as it as it should have been i mean that might i i don't think that that constitutes evidence that this that this that the um haber's affidavit was falsified or that robert's affidavit was falsified that uh robert that roberts uh was not entitled to rely on haber's statement that that he had made the identification at that point um let me let me ask you this thing because i i understand what you're saying but i think mr rousseau is suggesting that he was denied the opportunity to depose roberts to depose haber and i guess i don't know was the victim still available or we don't we don't know whether the victim was the victim i don't know whether the victim is still available all right but at a minimum could have deposed haber and roberts and questioned them about the documentation all these things so um can you address the question i asked him did the discovery in deadline he says he put in a letter before that july 21st date extending the discovery what's your position i i think he may have put in a letter but i think that it had given that the that this had proceeded to summary judgment that um he mean there was a conference with the judge where the judge did denied the request to delay just to delay summary judgment and proceeded at that point then plaintiffs the the correct mechanism for arguing that he had not had an opportunity to and to put in an affirmation that complied with rule 56d you know setting forth the efforts that he had made to what what discovery it was that was necessary what efforts he had made and why those had not been successful and the app the declaration that was submitted in support of or in up rather in opposition to summary judgment did not meet those requirements i and i don't think this court really needs to go beyond that to look at the adequacy of of you know every letter application that he that he submitted prior to that time um and you know if it had been presented properly at that point then the you know the city could have been been presented with ever evidence in um in opposing that i mean it is i think pretty clear from the record that there was a very extended period of time where uh plaintiff did not engage in discovery despite there was there was the period during the interlocutory appeal where uh nine months went by but after that i mean i there's email after email exchange of trying to schedule these depositions i don't think you can contend that mr uso was not diligently um trying to schedule the depositions there was just a lot of scheduling issues on both sides right there were it does it does appear that were scheduling issues on on both sides but as to whether or not there was as to whether or not plaintiff though presented you know presented uh in opposition to the motion for summary judgment um whether he demonstrated that that he had had an inadequate opportunity for discovery and in compliance with the federal rules i don't believe that he that he did that and i don't believe that we that you can one can say on the basis of this record that it was um that the court abused its discretion in in in denying further discovery even if one were to look back to some sort of some prior applications applications for extensions of discovery um at this at this point i mean again it was a it was a pretty it was a very long time even prior to the um the october date october 2015 date i mean during the pendency of his motion for um to amend he didn't want to conduct any discovery and repeatedly stated i mean in the magistrate's um magistrate judge's orders it's repeatedly stated that discovery is almost concluded and then all of a sudden there's there's 11 depositions that need to happen um all right i think your time is uh just about up yes thank you thank you very much uh mr uzdo you have three minutes in rebuttal you know um i let me start with pointing to uh the appendix number 532 for the letter that was good thank you but her argument is on the appendix 624 there's the declaration from mr aquam that's supposed to to satisfy 56d but i think she's correct that it doesn't say what deposit it's a long you know annexing copies of various things but it doesn't actually say these are the people who wanted to pose and this is why we need to do it right your honor prior to that we did appeal we filed an appeal with the district court about the decision to permit the defendants to move for summary judgment um detailing everything that's happened on it that happened on the case there like your like the you know you rightly pointed out at the time of the uh the uh interlocutory appeal there was a the district the magistrate judge did grant a motion to stay proceedings in the district there was never a time that i refused that i'm not gonna follow the district court order there was a stay the the the record is very clear the district court did grant a stay on the proceedings it was until the mandate came back from this court that that state was lifted by the district court and immediately after that state was listed was lifted by the district court i continued requesting the defendants to produce discovery to appear for their deposition time and time again every time that i do that the defense attorney will tell me that he's at a trial he's at a trial and he he will always ignore me until like two or three days and i'll ask him file a letter motion asking for extension he will refuse to file it and i'll end up filing the motion for extension time and time again that was the only time when myself i had a two-week trial and a vacation after that i told him that i don't have that period at all immediately after i told him that i had that i do not have that period of time he told me that's when he had the time to do the deposition let me just ask you this i didn't ask i spent a lot of time on your right but there was also supporting the probable cause the fact that the victim the to be for the cell phone sale the date of birth and the address matched your clients why doesn't that provide you know a combination of other things probable cause what's the explanation for that well because it didn't single out my client you know the date of birth the date of birth and address that's pretty singular right there was another individual alien alan spence who's at the same date of birth as your client not the same date of birth but the same address but we even with the same date of birth and besides if i may they had all this information and that's also in our brief they had the information about his date of birth about his race about his address at the time when they put him in a photo and when they did the photo array on february 22nd 2012 and the victim did not pick him out all these other ones that they're making out that there was another photo array on february 29th they have not produced any documents so in our contention that because the uh the given the explanation given how the array or the picker was done that this individual the police officer explained the proceedings to the victim and immediately after explaining the proceeding he immediately shouted the individual on picture number five was the individual who robbed me and picture number five was picture number five from a photo array or about a photo id not not at any time did they say that until more than five years later down the road that they started talking about a photo array which the district court basically agreed but wholesale without ever checking out even in support of that the in the motion for summary judgment what they gave the district court in support of that were photo array proceedings that were done on february 22nd during which mr demonstrating was not was that out to the district court that this is what they're giving you at least check it out the district court said oh we did not abide by the rules i'm not gonna check out thank you we understand yeah all right thank you mr rizzo uh thank you to both of you we'll reserve a decision